IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHARI LYNN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-4056-CV-C-NKL |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Defendant State Farm Mutual Automobile Insurance Company's ["State Farm"] Motion to Dismiss [Doc. 10]. For the reasons stated below, the Motion is denied.

On February 28, 2005, Plaintiff Shari Lynn Taylor filed this action alleging unlawful racial discrimination by State Farm under Title VII of the Civil Rights Act of 1964 ["Title VII"], 42 U.S.C. § 1981 and Chapter 213 of the Missouri Human Rights Act. [Doc. 1.]

In paragraphs 36 and 37 of her Complaint, Plaintiff contends that State Farm discriminated against other employees on the basis of race. [Doc. 10.] Paragraphs 36 and 37 appear under a section of the Complaint entitled "Facts Common to All Counts." *Id.* This section precedes the three counts of discrimination in the Complaint. *Id.*

In its Motion, State Farm correctly asserts that Title VII requires a claimant to file

a timely discrimination charge with the Equal Employment Opportunity Commission ["EEOC"] prior to bringing a Title VII action in court. *Duncan v. Delta Consolidated Industries, Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004) (citing 42 U.S.C. § 2000e-5(e)(1)).

Both Plaintiff and State Farm agree that prior to filing this action Plaintiff filed a discrimination charge with the EEOC and the Missouri Commission on Human Rights ["MCHR"]. [Doc. 1 and Doc. 11.]

State Farm argues that paragraphs 36 and 37 of the Complaint should be dismissed because they allege that State Farm discriminated against Plaintiff's co-workers and because Plaintiff's discrimination charge filed with the EEOC and MCHR concerned only discrimination she personally experienced. [Doc. 10.] The Court disagrees.

State Farm overlooks the fact that Plaintiff sued only on her own behalf. None of the three counts alleged in the Complaint seek relief for anyone other than the named Plaintiff. Thus, Plaintiff's discrimination charge need not have named anyone else to fulfill the administrative prerequisite to legal action.

Furthermore, the Court agrees with Plaintiff's contentions that paragraphs 36 and 37 allege facts relevant to establishing a custom or policy of racial discrimination and that seeking to exclude the facts alleged in two paragraphs of the Complaint is not properly addressed with a Motion to Dismiss.

Additionally, State Farm's argument that this case should be dismissed because the Plaintiff filed an untimely response to the Motion to Dismiss is inapposite. Plaintiff responded on June 8, which was within the seven days ordered by the Court on June 3.

Accordingly, it is hereby

ORDERED that State Farm's Motion to Dismiss [Doc. 10] is DENIED.

                                     s/ NANETTE K. LAUGHREY
                                     NANETTE K. LAUGHREY
                                     United States District Judge

DATE:  July 19, 2005
Jefferson City, Missouri